I concur in the granting of the application for rehearing, vacating the judgment, and affirming the judgment of the trial court on the authority of United States v. Ross, ___ U.S. ___,102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). However, in concurring, I am not without a feeling of apprehension.
Ross has all the ingredients of permitting some law enforcement officers to run amuck and commit rape on the Fourth Amendment. Some government agents and agencies have interpretedRoss as giving them the right to make a warrantless search of an automobile on mere suspicion — even for committing the awful crime of running a stop sign. This gives me a great deal of concern for the rights of innocent victims of overzealous, untrained, uneducated and unskilled officers. Therefore, I want to emphasize these words in Ross:
 "The scope of a warrantless search based on probable cause is no narrower — and no broader — than the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize."
The key is probable cause. And, without probable cause the law enforcement official is back to square one. Any search by him without probable cause is a violation of the constitutional rights of the citizen searched.
EMBRY, J., concurs.